UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )
  )
v. )
  )
QURAN R. WATERFORD )   | CAUSE NO. 1:19-CR-00021-DRL-SLC |

**OPINION AND ORDER**

Before the Court is the Government's Motion for Turnover to Authorize Payment from Inmate Trust Account filed on September 13, 2021, asking the Court for an order pursuant to 18 U.S.C. §§ 3613(a) and 3664(k) and (n) authorizing the Federal Bureau of Prisons ("BOP") to turn over to the Clerk of Courts the funds held in Defendant's inmate trust account, minus $150, to be applied as payment toward the restitution imposed in this case. (ECF 186). Defendant has not filed a response to the motion, despite being afforded fourteen days to do so. (ECF 187). Defendant has, however, filed a *pro se* Motion for Payment asserting that he would like to enroll in the BOP's Inmate Financial Responsibility program ("IFRP") and make a payment towards his restitution. (ECF 189). For the following reasons, the Government's motion (ECF 186) will be GRANTED, but Defendant's motion (ECF 189) will be DENIED.

**A. Factual and Procedural Background**

On September 3, 2019, Defendant was sentenced to a term of 239 months imprisonment and ordered to pay restitution in the amount of $8,630, plus a $300 special assessment.[1] (ECF 166, 167). The judgment reflects that the restitution—which was "due immediately"—was to be paid at a minimum rate of $25 per month, starting sixty days after placement on supervision until said amount is paid in full. (ECF 167 at 6-7).

---

[1] The Government reports that the $300 special assessment remains outstanding. (ECF 186 ¶ 1).

Defendant is presently in federal custody at the Federal Correctional Institution in Inez, Kentucky, with a scheduled release date of December 2, 2035. (ECF 186 ¶ 2). The Government reports that it was recently informed that the BOP, an agency within the United States Department of Justice, currently maintains in its possession, custody, or control approximately $2,055.12 in Defendant's inmate trust account. (*Id.* ¶ 3). The Government states that such funds may include a payment Defendant received pursuant to the American Rescue Plan Act of 2021 commonly referred to as a "stimulus" or "economic impact" payment. (*Id.* ¶ 3 n.1).

The Government reports that Defendant's outstanding restitution balance was $8,930, the date the motion was filed. (*Id.* ¶ 1). The Government seeks a Court order authorizing the BOP to turn over the funds in Defendant's inmate trust account to the Clerk of the Court as payment toward Defendant's outstanding restitution balance. (*Id.* ¶ 3).

As mentioned, Defendant also filed *pro se* a "Motion for Payment," stating that he would like to enroll in the IFRP and pay $630 towards his restitution as well $300 towards his special assessment. (ECF 189 ¶¶ 4-5). Defendant similarly states that he would like to pay $90 every three months towards his restitution. (*Id.* ¶ 6).

## B. Legal Standard

"A court order imposing restitution serves as a lien in favor of the Government on all of a defendant's property not exempted by 18 U.S.C. § 3613(a)(1)." *United States v. Davis*, No. 3:14-CR-47 JD, 2021 WL 2678765, at *1 (N.D. Ind. June 30, 2021) (citing *United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017)); *see also* 18 U.S.C. § 3613(c). "This means the [G]overnment steps into the defendant's shoes, 'acquir[ing] whatever rights the [defendant] himself possesses.'" *Sayyed*, 862 F.3d at 618 (second and third alteration in original) (quoting *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 725 (1985)); *see United States v. Doyle*, No.

10 CR 30057-DWD, 2021 WL 1814989, at *1 (S.D. Ill. May 6, 2021) ("Federal law gives the Government a lien on all of Defendant's property, just as if the United States held a tax lien on [her] property." (citing 18 U.S.C. § 3613(c); *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017))).  "Payments into an inmate's trust account do not fall into an exempted category [under the tax code]." *Davis*, 2021 WL 2678765, at *1 (citing 18 U.S.C. § 3613(a)(1)).

If a defendant who is obligated to provide restitution "receives substantial resources from any source . . . during a period of incarceration, [he] shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n); *see United States v. White*, 745 F. App'x 646, 648 (7th Cir. 2018) ("[A]n inmate who receives money from any source *must* apply it to restitution still owed."); *Lemberger*, 673 F. App'x at 580 (same); *Davis*, 2021 WL 2678765, at *1 (same).  An order of restitution may be enforced by the Government through "all . . . available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii); *see also Lemberger*, 673 F. App'x at 580.

"[W]hen the property is within the Government's control, like it is here with respect to Defendant's inmate trust account, the 'reasonable means' provision allows for the Government to seek a turnover order from the Court that issued the restitution order." *United States v. Curry*, No. 2:06-cr-00011-LJM-CMM, 2017 WL 10457419, at *1 (S.D. Ind. Aug. 11, 2017) (citation omitted); *see also Davis*, 2021 WL 2678765, at *1 ("[A] motion for transfer of funds is proper . . . when the funds at issue are within the custody and control of the BOP, as they are in this case." (citing *United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010))).

## C. Analysis

Here, any economic stimulus payment constitutes a material change in Defendant's economic circumstances that might affect his ability to pay restitution.[1]  *See* 18 U.S.C. § 3664(k); *Davis*, 2021 WL 2678765, at *1.  Further, the applicable law clearly provides that where Defendant "receives substantial resources from *any source . . .* during a period of incarceration, [he] shall be required to apply the value of such resources to any restitution or fine still owed."  18 U.S.C. § 3664(n) (emphasis added); *see also White*, 745 F. App'x at 648.  In any event, as mentioned, Defendant has consented to paying at least part of his restitution and the special assessment.  (ECF 189).  Accordingly, the Government's motion for turnover of the funds in Defendant's inmate trust account will be granted.

To the extent, though, that Defendant is seeking to enroll in the IFRP to avoid turning over all the funds in his trust account, his position is not grounded in law.  A defendant's participation in the IFRP does not preclude the Government from seeking funds in his inmate trust account to apply toward any outstanding restitution.  *See Lemberger*, 673 F. App'x at 580 (granting the Government's request for turnover of the defendant's inmate trust account despite defendant's participation in the BOP's inmate payment program).  That is to say, "[the IFRP] and the government's ability to collect restitution are not mutually exclusive."  *Id.*  Further, Defendant does not cite to any caselaw or statute "that prohibits a transfer to pay restitution or places the funds in an exempted category under § 3613(a)(1)."  *Davis*, 2021 WL 2678765, at *2.

Still more, while the Court appreciates Defendant's desire to enroll in the IFRP, a motion in federal court is not the proper means to do so.  As mentioned, the IFRP is administered by the BOP, with a financial payment plan developed with and monitored by BOP staff.  *See* 28 C.F.R.

---

[1] The Government does not provide evidence establishing the funds in Defendant's inmate trust account, but Defendant does not dispute that the funds came, at least in part, from an economic stimulus payment.

§ 545.11; *see also McGhee v. Clark*, 166 F.3d 884, 885-86 (7th Cir. 1999). As such, it is not the Court's place to decide how much Defendant should be allowed or required to pay through the program. *See United States v. Sawyer*, 521 F.3d 792, 795-96 (7th Cir. 2008) ("Prison earnings and other transactions concerning prison trust accounts are so completely within the [BOP's] control that it would be pointless for a judge to tell the convict how much to pay a month."). Accordingly, Defendant's motion (ECF 189) will be DENIED.

### D.  Conclusion

For the foregoing reasons, the Government's Motion for Turnover to Authorize Payment from Inmate Trust Account (ECF 186) is GRANTED. The BOP is ORDERED to turn over the funds in the inmate trust account of Defendant Quran Waterford, Reg. 17861-027, minus $150, to the Clerk of the Court to apply to the restitution owed in this case. Further, Defendant's Motion for Payment (ECF 189) is DENIED.

SO ORDERED.

Entered this 14th day of October 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge